EXHIBIT A

**FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM** INDEX NO. 711350/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-05298-AMD-RML Document 1-1 Filed 09/17/19 Page 2 of 21 PageID #: 8 RECEIVED NYSCEF: 07/05/2019

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

--------------------------------------------------------------------------X

ISRAEL MARCOLINO SCHAFFNER

Plaintiff,

- against -

Diamond Resorts Holdings, LLC.; a Nevada limited liability
company; Diamond Resorts International Inc.; a Delaware
corporation; Diamond Resorts U.S. Collection, LLC.; s
Delaware limited liability company; Diamond Resorts
International Marketing Club, Inc. "The Club"; a California
corporation; Diamond Resorts International Club, Inc.; a
Florida corporation; Diamond Resorts Management, Inc. an
Arizona Corporation; Diamond Resorts U.S. Collections
Member Association; a Delaware corporation; Diamond
Resorts Developer & Sales Holding Company, a Delaware
company; Diamond Resorts Financial Services, Inc.; a
Califomia corporation; and does 1 through 100, Inclusive,
(collectively, "Apollo")' MICHAEL FLASKEY; KENNETH
SIEGEL; ("shareholder" of Diamond International Inc.)
VITOR MENNA BARRETO

Defendant's

--------------------------------------------------------------------------X

Index No. 711350 / 2019

**SUMMONS**

Queens County Clerk's Office
Paym 2799801 07/05/2019 3:23p
Cashier SRAPHAEL Register # 2

Tr.3428291                    $210.00
Documents Pay At Court E-file
711350/2019 SUMMONS AND COMPLAINT

Total:                        $210.00

Credit                        $210.00

PLEASE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the Plaintiff(s)
herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the
service of this summons (not Counting the day of service itself), or within 30 days after the service of this Summons
is not delivered personally to you within the State of New York.

You RE HEREBY NOTIFIED THAT should you fail to answer, a judgement will be entered against you
by default for the relief demanded in the complaint.

Dated: July 5 20 19

SUSAN N. RUIZ
Notary Public-State of New York
No. 04RU6352980
Qualified in Queens County 2021
Commission Expires January 9,

ISRAEL MARCOLINO SCHAFFNER

1579 216th Street, Apt. 1R

Bayside, NY 11360

(917) 530-0159

Defendant(s) Address:     10600 W. Charleston Blvd. Las Vegas, NV 89135

Venue:          Plaintiff(s) designate(s) Queens County, New York as the place of trial. The basis of this
designation is: **Plaintiff(s)' Residence in Queens County, New York.**

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM
INDEX NO. 711350/2019

NYSCEF DOC. NO. 1    Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 3 of 21 PageID #: 9    RECEIVED NYSCEF: 07/05/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

----------------------------------------------------------x

ISRAEL MARCOLINO SCHAFFNER

Plaintiff,

- against –

Diamond Resorts Holdings, LLC; a Nevada limited liability
company; Diamond Resorts International, Inc., a Delaware
corporation; Diamond Resorts U.S. Collection, L.L.C., a
Delaware limited liability company; Diamond Resorts
International Marketing, Inc., a California corporation;
Diamond Resorts International Club, Inc., a Florida
corporation; Diamond Resorts Management, Inc., an Arizona
corporation; Diamond Resorts U.S. Collection Members
Association, a Delaware corporation; Diamond Resorts
Developer & Sales Holding Company, a Delaware company;
Diamond Resorts Financial Services, Inc., a California
corporation; and Does 1 through 100, Inclusive,
(collectively, "Apollo"); MICHAEL FLASKEY; KENNETH
SIEGEL; Vitor Menna Barreto a Diamond Resorts
International, Inc. Shareholder.

Defendant's

----------------------------------------------------------x

Index No. 711350 / 20 19

**COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the Plaintiff Israel Marcolino Schaffner respectfully shows and alleges as follows:

1.  The plaintiff herein, Israel Marcolino Schaffner, is a resident of the State of New York. Mr. Schaffner resides at 1579 216th Street, Apt. 1R, Bayside, New York 11360.

2.  The defendant's herein, Diamond Resorts Holdings, LLC; a Nevada limited liability company; Diamond Resorts International, Inc., a Delaware corporation; Diamond Resorts U.S. Collection, L.L.C.; a Delaware limited liability company; Diamond Resorts International Marketing, Inc., a California corporation; Diamond Resorts International Club, Inc., a Florida corporation; Diamond Resorts Management, Inc., an Arizona corporation; Diamond Resorts U.S. Collection Members Association, a Delaware corporation; Diamond Resorts Developer & Sales Holding Company, a Delaware company; Diamond Resorts Financial Services, Inc., a California corporation; and Does 1 through 100, Inclusive, (Collectively, "Apollo"). and MICHAEL FLASKEY; KENNETH SIEGEL; Vitor Menna Barreto (Diamond Resorts International, Inc. Shareholder) (collectively "Individual

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM INDEX NO. 711350/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-05298-AMD-RML Document 1-1 Filed 09/17/19 Page 6 of 21 PageID #: 12 RECEIVED NYSCEF: 07/05/2019

Defendants," and together with DRI and Apollo the "Defendants") based on personal knowledge with respect to themselves and on information and belief derived from, among other things, investigation and review of public documents as to all other matters, has a principal place of business at 10600 W. Charleston Blvd. Las Vegas, NV 89135. and complain and allege as follows:,

3. Diamond Resorts International knowingly and intentionally markets and sells its timeshare memberships to unsuspecting, unsophisticated, and elderly consumers, like defendant "shareholder" Vitor Menna Barreto, who is elderly and handicap at resorts and sales centers throughout the United States.

4. After being placed under duress, coercing defendant "shareholder" Vitor Menna Barreto to purchase, how to overcome purchaser objections, and how to employ tactics that a reasonable person would deem annoying, abusive and harassing with the end goal of convincing consumers, like defendant "shareholder" Vitor Menna Barreto, into making high dollar purchases that they would not otherwise have made.

5. On May 18, 2017, defendant Mr. Vitor Menna Barreto a shareholder of DIAMOND RESORTS INTERNATIONAL LLC.; member number 27945013, called me at the hotel from a meeting that he was having with a DIAMOND RESORTS INTERNATIONAL Salesperson and asked plaintiff if he could come to the presentation to help him understand what the salespersons were saying, plaintiff went to the location and tried to the best of his knowledge to translate what the salespersons were saying, moments later defendant "shareholder" Vitor Menna Barreto asked if plaintiff could use his credit card in order for defendant to complete the purchase since at that time his credit card account would not be able to cover the full charges of the purchase defendant was trying to make, for that reason plaintiff went to the office and allowed (ONE TIME ONLY) DIAMOND RESORTS INTERNATIONAL LLC.; to use plaintiff's credit cards in order for the purchase to be completed. After it was done and completed and once defendant "shareholder" Vitor Menna Barreto was back in his home country Brazil, he ultimately paid back the plaintiff for the amount used for that purchase.

6. Plaintiff, Israel Marcolino Schaffner acted as third party under duress to use his credit card for (ONE TIME ONLY) for a payment of defendant "shareholder" Vitor Menna Barreto to complete purchase at DIAMOND RESORTS INTERNATIONAL, LLC.

7.  Plaintiff, Israel Marcolino Schaffner never entered to nor has any contract with DIAMOND RESORTS INTERNATIONAL, LLC.

8.  Diamond Resorts International continues to perpetrate these fraudulent practices on their customers, including Plaintiffs, by continuing to make the aforementioned fraudulent statements, misrepresentations and omissions to Plaintiff's bank institutions, while negligently and without Plaintiffs knowledge or consent charge Plaintiffs credit card for responsibilities of other parties under the contract.

9.  Diamond Resorts International sales presentations are strategically designed to physically, emotionally, and mentally wear down susceptible consumers, and to specifically target elderly persons, like defendant "shareholder" Vitor Menna Barreto.

10. Diamond Resorts International has one goal in mind and that is to close the sale on the same day as the presentation. Diamond has no regard for a consumer's position in life, the consumer's financial ability to afford the timeshare membership or the overall financial suitability of the timeshare membership for consumers, like "shareholder" Vitor Menna Barreto. This is because Diamond is financially incentivized to have its purchasers default so Diamond can recoup the owners' points and keep all monies paid as "liquidated damages."

11. Diamond Resorts International misrepresentations were material to the purchase and materially alter the rights and responsibilities of the parties not under the contract.

12. Diamond Resorts International knew that their representations were false, and Diamond Resorts International intended to induce defendant "shareholder" Vitor Menna Barreto into purchasing additional timeshare use rights, in the form of "points" through the use of these false representations.

13. Once consumers are convinced that purchasing is in their best interest, Diamond leads them into a different area where a "Quality Assurance" employee is purportedly required to walk the consumer through the sales documents in detail. The Quality Assurance process is strategically designed to misrepresent that the Quality Assurance employee is a neutral third party who is there simply to explain the purchase documents with the consumer. However, it is not disclosed to the purchaser that the Quality Assurance employee has a financial stake in the transaction and is compensated based on commission dependent on the number of Quality Assurance presentations given; of which is paid only

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM          INDEX NO. 711350/2019

NYSCEF DOC. NO. 12          Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 9 of 21 PageID #: 15          RECEIVED NYSCEF: 07/05/2019

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM INDEX NO. 711350/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-05298-AMD-RML Document 1-1 Filed 09/17/19 Page 10 of 21 PageID #: 16 RECEIVED NYSCEF: 07/05/2019

if the purchaser completes the purchase. As a result, the Quality Assurance employee is financially incentivized to ensure that the purchase is completed so he receives compensation. Moreover, the Quality Assurance employee is incentivized to rush through the purchase documents with the consumer in order to close more deals. None of this was disclosed to Plaintiff and Plaintiff did not participated in any presentations.

14. In addition to the lack of neutrality that the Quality Assurance employee has, the Closing Documents that defendant "shareholder" Vitor Menna Barreto had to review are so voluminous and so complex, that it would have taken them hours and hours to read and understand. In fact, the defendant "shareholder" Vitor Menna Barreto was not afforded the opportunity to fully read and specially understand since the contracts are in English that is not the native language of defendant's "shareholder" Vitor Menna Barreto's Portuguese and his English is very limited. In fact, it is impossible for any person, to understand what they are buying and what they are committing themselves to after undergoing a grueling sales presentation and then being rushed through the closing process. In other words, the entire closing process is designed to place consumers, like "shareholder" Vitor Menna Barreto, under duress, to coerce, to annoy, and to harass them into signing a major purchase without having a reasonable opportunity to conduct the necessary due diligence that is required for a purchase of such magnitude. "Shareholder" Vitor Menna Barreto had no reason to believe that they had been lied to or deceived during the sales presentation or closing process which Diamond subjected them to. Plaintiffs had every right to trust that Diamond was acting honestly and in good faith.

15. Defendant failed to reimburse the charges to Plaintiff's credit cards.

16. Defendant followed all proper procedures with the credit card issuers in order to recuperate the non-authorized transaction that defendant made.

17. Defendant and salespersons and its billing department submitted collages of signatures attaching them to old or manufactured contracts making fraudulent statements to mislead plaintiff's banks of the charges resulting banks to deny plaintiff complaint of un-authorized transactions.

18. Plaintiff made numerous phone calls and sent several letters to defendant about the charges, but received no response.

[Page] - 4

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM          INDEX NO. 711350/2019

NYSCEF DOC. NO. 1          Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 11 of 21 PageID #: 17          RECEIVED NYSCEF: 07/05/2019

**FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM**       INDEX NO. 711350/2019

NYSCEF DOC. NO. 1    Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 12 of 21 PageID #: 18    RECEIVED NYSCEF: 07/05/2019

19. The action of the defendant's has impacted dramatically Plaintiff's credit scores.

20. DIAMOND RESORTS INTERNATIONAL LLC., has not only several, but hundreds upon hundreds of similar complaints, relevant complaints that they use sales tactics on the elderly and vulnerable people just as it happened to their "Shareholder" Mr. Barreto.

21. At all relevant times referenced herein, Diamond took affirmative steps to misrepresent, omit, or conceal material terms of the Timeshare Purchase Instruments and Timeshare Membership Agreements and other related purchase documents to prevent Plaintiffs from reading and understanding the full terms and conditions relating to the transactions mentioned herein.

22. WHEREFORE, Plaintiffs respectfully request judgment against Diamond Resorts International for statutory damages in the sum of $53,271.75, plus costs and disbursements, together with any other relief the Court finds to be just and proper.

Dated:_____          _____

                                        **Israel Marcolino Schaffner**
                                             Plaintiff

                                        15-79 216th Street, Apt. 1R
                                        Bayside, NY 11360

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM INDEX NO. 711350/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-05298-AMD-RML Document 1-1 Filed 09/17/19 Page 14 of 21 PageID #: 20 RECEIVED NYSCEF: 07/05/2019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

ISRAEL MARCOLINO SCHAFFNER, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Sworn to before me this:

_____ day of __5__ 200 _2019_

_____
Notary Public

_____
Signature

ISRAEL M. Schaffner
Print Name

SUSAN N. RUIZ
Notary Public-State of New York
No. 04RU6352980
Qualified in Queens County
Commission Expires January 9, _2021_

FILED: QUEENS COUNTY CLERK 07/05/2019 03:39 PM                INDEX NO. 711350/2019

NYSCEF DOC. NO. 1    Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 15 of 21 PageID #: 21   RECEIVED NYSCEF: 07/05/2019

**COMPLAINT**

The complaint of the Plaintiff Israel Marcolino Schaffner respectfully shows and alleges as follows:

1. The plaintiff herein, Israel Marcolino Schaffner, is a resident of the State of New York. Mr. Schaffner resides at 1579 216th Street, Apt. 1R, Bayside, New York 11360.

2. The defendant's herein, Diamond Resorts Holdings, LLC; a Nevada limited liability company; Diamond Resorts International, Inc., a Delaware corporation; Diamond Resorts U.S. Collection, L.L.C.; a Delaware limited liability company; Diamond Resorts International Marketing, Inc., a California corporation; Diamond Resorts International Club, Inc., a Florida corporation; Diamond Resorts Management, Inc., an Arizona corporation; Diamond Resorts U.S. Collection Members Association, a Delaware corporation; Diamond Resorts Developer & Sales Holding Company, a Delaware company; Diamond Resorts Financial Services, Inc., a California corporation; and Does 1 through 100, Inclusive, (Collectively, "Apollo"). and MICHAEL FLASKEY; KENNETH SIEGEL; Vitor Menna Barreto (Diamond Resorts International, Inc. Shareholder) (collectively "Individual Defendants," and together with DRI and Apollo the "Defendants") based on personal knowledge with respect to themselves and on information and belief derived from, among other things, investigation and review of public documents as to all other matters, has a principal place of business at 10600 W. Charleston Blvd. Las Vegas, NV 89135. and complain and allege as follows:,

**NATURE OF THE CASE**

3. On May 18, 2017, Mr. Vitor Menna Barreto a shareholder of DIAMOND RESORTS INTERNATIONAL LLC.; member number 27945013, called me at the hotel from a meeting that he was having with a DIAMOND RESORTS INTERNATIONAL Salesperson and asked me if I could use my credit cards in order for him to complete a purchase, I believe at that time his credit card account would not be able to cover the full charges of the purchase he was trying to make for that reason I did go to the office and allowed **(ONE TIME ONLY) DIAMOND**

INDEX NO. 711350/2019

Case 1:19-cv-05298-AMD-RML   Document 1-1   Filed 09/17/19   Page 17 of 21 PageID #: 23 RECEIVED NYSCEF: 07/05/2019

RESORTS INTERNATIONAL LLC.; to use my credit cards in order for the purchase to be completed. After it was done and completed and once he was back in Brazil he ultimately paid me back the amount he used for the purchase and that was it.

4. On or around April of 2018, **Mr. Barreto** a shareholder of **DIAMOND RESORTS INTERNATIONAL LLC.**; invited me to come to Orlando, Florida to join him on a another vacation and the same thing happened; That time I was at the hotel and he called asking me to go to the meeting with him because he was not understanding completely what the Salesperson (a male salesperson) was explaining to him, so I tried to translate what the Salesperson was explaining to the best of my abilities and advised him that he should not enter into another contract or make the purchase because after he told me about his timeshare options, he really **DID NOT** need to make such purchase, but the Salesperson was very persistent and ended up convincing Mr. Barreto to make the purchase and they even gave him a $100.00 dollars gift card just for having me there with him. Once again at the end of the meeting he asked me if he could use my credit card once again for another purchase or upgrade with **DIAMOND RESORTS INTERNATIONAL LLC.**; at that time I was under the influence of alcohol because I was on vacation not intending to go anywhere or interested in participating to any **DIAMOND RESORTS INTERNATIONAL** meetings since I was not going to buy any vacation packages and because their meetings are very lengthy and aggressive on selling, time consuming and even annoying. So, I do not recall much of what was the purchase or any details for the purchase were that day.

5. Months had passed and on June 21, of 2018, I was traveling in Europe and before I went I notify my credit card company that I was going to be overseas and one time I tried to purchase train/metro pass the transaction was declined, so I assumed it was declined because I was overseas and had to pay cash.

6. On July 3rd of 2018, I returned to the United States and right away start working and catching up with every day normal tasks until I got the statement from my TD Bank Credit Card Account, once I opened it I was shocked with several large charges amounts on my card for **DIAMOND RESORTS MTG PAYM LAS VEGAS NV** and since I was looking at all my banks and credit cards statements I logged in to my Discover Card account and again I was shocked to see that

DIAMOND RESORTS INTERNATIONAL aka DIAMOND RESORTS MTG PAYM LAS VEGAS NV had charged my card several large transactions totaling $22,485.59 on my Discover card alone. I contacted both credit card companies' accounts and filed claims for all the charges, they replaced my cards at that time and also credited me all the charges from DIAMOND RESORTS MTG PAYM LAS VEGAS NV and I was relieved and thinking that it all had been resolved.

7.  On December 6, 2018, all charges were reversed back to my Credit Cards, I was confused and was told by my credit card company that DIAMOND RESORTS INTERNATIONAL provided them with information that proved I did have a contract with DIAMOND RESORTS INTERNATIONAL and that I had approved the transactions when I had NOT approved any transactions nor purchased anything from DIAMOND RESORTS INTERNATIONAL and have no contract whatsoever with DIAMOND RESORTS INTERNATIONAL.

8.  After I spoke with my credit card companies I was advised to contact the merchant DIAMOND RESORTS INTERNATIONAL directly to resolve the issue. I did contact DIAMOND RESORTS INTERNATIONAL several times via phone and e-mail, I spoke to over ten DIAMOND RESORTS INTERNATIONAL representatives but was never able directed to a department that would resolve the issue, they kept me transferring to salespersons and in one instance I was told by a salesperson Miss. Sayonara Villalta that I had no legal rights under any accounts.

9.  Defendant and salespersons and its billing department submitted collages of signatures attaching them to old or manufactured contracts making fraudulent statements to mislead plaintiff's banks of the charges resulting banks to deny plaintiff complaint of un-authorized transactions.

10. Once again I contacted my Credit Card companies and provided them with a copy of the e-mails and once again my credit card company placed a temporary credit on my account but two or three months later the credit card companies mailed me a notice stating that DIAMOND RESORTS INTERNATIONAL had provided them documentation that I did have a contract with them and again, I do not have any contract with DIAMOND RESORTS INTERNATIONAL, LLC.; and therefore I am not obligated or responsible for charges for their shareholders accounts.