- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ISRAEL MARCOLINO SCHAFFNER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; DIAMOND RESORTS INTERNATIONAL INC., a Delaware corporation; DIAMOND RESORTS U.S. COLLECTION, L.L.C., a Delaware limited liability company; DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a California corporation; DIAMOND RESORTS INTERNATIONAL CLUB, INC., a Florida corporation; DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation; DIAMOND RESORTS U.S. COLLECTION MEMBERS ASSOCIATION, a Delaware corporation; DIAMOND RESORTS DEVELOPER & SALES HOLDINGS COMPANY, a Delaware company; DIAMOND RESORTS FINANCIAL SERVICES, INC., a California corporation; and DOES 1 through 100, Inclusive, (collectively, "Apollo"); MICHAEL FLASKEY; KENNETH SIEGEL; VITOR MENNA BARRETO a Diamond Resorts International, Inc. Shareholder,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 19-cv-5298 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE

Diamond Resorts Holdings, LLC, Diamond Resorts International, Inc., Diamond Resorts U.S. Collection Development, LLC, Diamond Resorts International Marketing, Inc., Diamond Resorts International Club, Inc., Diamond Resorts Management, Inc., Diamond Resorts Developer & Sales Holdings Company; Diamond Resorts Financial Services, Inc., Michael Flaskey and

Kenneth Siegel (collectively, "Diamond") [2] by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby file this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Plaintiff Israel Marcolino Schaffner ("Schaffner" or "Plaintiff").

## I. INTRODUCTION

Schaffner's Amended Complaint presents a variety of muddled allegations with no discernable claims for relief. Schaffner appears to challenge timeshare contracts to which he is not a party, and alleges Diamond made misrepresentations to someone else Schaffner decided to sue, current timeshare owner Vitor Menna Barreto ("Barreto"). The Amended Complaint must be dismissed for lack of standing.

## II. FACTUAL BACKGROUND AS ALLEGED IN COMPLAINT

Schaffner filed his first complaint in the Supreme Court of the State of New York (the "State Court Action"). This complaint lobbed causes of action for misrepresentation and elder abuse in connection with a contract entered into by Barreto. See Compl. ¶¶ 3-4 & 8-9, Dkt. No. 1, Ex. A. After Diamond moved to dismiss the State Court Action, Schaffner filed an Amended Complaint with similar allegations, but adding claims under the Fair Credit Billing Act ("FCBA") and the Truth in Lending Act ("TILA"). See Am. Compl., Dkt. No. 1, Ex. B. Based on these new federal claims, Defendants removed the case to federal court on September 17, 2019.[3]

Although Schaffner asserts TILA and the FCBA violations, the gravamen of his Amended Complaint is that Diamond allegedly coerced its co-defendant, Barreto, into entering into a timeshare contract through misrepresentations and fraud. Additionally, Schaffner alleges Diamond

---

[2] In the Amended Complaint, Schaffner names many Diamond entities. However, the entity that entered into the contracts that are at issue was Diamond Resorts U.S. Collection Development, LLC.

[3] Schaffner now asserts facts giving rise to diversity jurisdiction as well. See Am. Compl. Dkt. No. 1, Ex B ¶¶ 33-34.

took advantage of Barreto due to his age. See Am. Compl., Dkt. No. 1, Ex. B ¶ 9. Schaffner alleges that Barreto invited him to the presentation for the timeshare contract and at that presentation, Schaffner felt coerced to help in some way in connection with Barreto's timeshare contract. Id. at Ex. B ¶¶ 4-5. Now, Schaffner has sued both Diamond and Barreto for conduct involving a contract to which Schaffner is not a party.

### III. LEGAL ARGUMENT

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a). See Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC, 414 F. App'x 334, 335 (2d Cir. 2011). Rule 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, Schaffner failed to state a claim for which he is entitled to relief because he has no standing to assert the allegations in his Amended Complaint.

#### A. Schaffner lacks standing to bring his claims.

While muddy, Schaffner appears to assert claims for misrepresentations, fraud and elder abuse based on the contracts entered into by a third party, Barreto, who he is also suing in this matter. See generally Dkt. No 1, Ex. B. Schaffner is a stranger to these contracts. Id. at Ex. B ¶ 7. In other words, Schaffner usurps Barreto's rights while at the same time suing him and Diamond. This is not allowed under the basic principles of standing.

Standing is a threshold determination in every federal case. See Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). As such, courts should "hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." Singleton v. Wulff, 428 U.S. 106, 113, 96 S. Ct. 2868, 2874 (1976). In order to show standing, the court must determine if Schaffner has "alleged such a

personal stake in the outcome of the controversy" that would allow him to apply for relief. Warth, 422 U.S. at 498.

Here, Schaffner is trying to assert the legal rights of Barreto and not his own legal rights. Schaffner's Complaint is premised on alleged misrepresentations and fraud in connection with a contract entered into by Barreto, not Schaffner. Specifically, Schaffner appears to be asking for the return of payments based on alleged misrepresentations made to Barreto.

Asserting the rights of third parties in such a way is disfavored for several reasons. First, "third parties themselves usually will be the best proponents of their own rights." Singleton, 428 U.S. at 114. Second, Courts should hesitate to "adjudicate such rights unnecessarily" as the holder of the right may not "wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not." Id. In this instance, Barreto has not sued Diamond and there is certainly no allegation that Schaffner is his legal guardian or has rights to assert on Barreto's behalf. Barreto is clearly a stranger to the contracts, and for this reason, the Amended Complaint should be dismissed.

**[Continued on next page.]**

4

## IV. CONCLUSION

Diamond respectfully requests that the Amended Complaint be dismissed with prejudice and without leave to further amend.

Dated: September 24, 2019

Respectfully submitted,

BALLARD SPAHR LLP

By:   *s/ Gerard Belfort*          
Gerard Belfort
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: belfortg@ballardspahr.com

*Attorney for Diamond*