```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ISRAEL MARCOLINO SCHAFFNER,                                       :
                                                                  :
                            Plaintiff,                            :
                                                                  :
                      – against –                                 :   MEMORANDUM AND ORDER
                                                                  :   19-CV-5298 (AMD) (RML)
DIAMOND RESORTS HOLDINGS, LLC,                                    :
VICTOR MENNA BARRETO, et al.                                      :
                                                                  :
                            Defendants.                           :
----------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On August 28, 2019, the *pro se* plaintiff filed a complaint in the Supreme Court of the State of New York, County of Queens, alleging fraud and violations of the Fair Credit Billing Act and the Truth in Lending Act. (ECF No. 1-2.) On September 17, 2019, the defendants removed the action to the Eastern District of New York. (ECF No. 1.) The Diamond defendants moved to dismiss the complaint for lack of standing on September 24, 2019. (ECF No. 6.) On September 30, 2019, the plaintiff submitted a response which, though styled as an opposition to the motion to dismiss, was a motion to remand the case to state court. (ECF No. 7.) I denied the motion to remand on October 10, 2019, and extended the plaintiff's deadline for filing his opposition motion to November 25, 2019. The plaintiff did not file an opposition by that date or by any of the later dates the Court set in deference to the plaintiff's *pro se* status. After the third deadline passed without any word from the plaintiff, I deemed the motion to dismiss fully briefed. For the reasons that follow, the federal claims are dismissed, but the state law claims proceed.

# BACKGROUND[1]

Diamond Resorts is a timeshare company that markets and sells timeshare memberships. (ECF No. 1-2 ¶ 3.) The plaintiff claims that the company coerces vulnerable senior citizens into entering into timeshare contracts through misrepresentations and fraud. (*Id.* ¶¶ 3-18.) According to the complaint, Diamond Resorts used these tactics to coerce Mr. Vitor Menna Barreto, an elderly person with limited English comprehension, to enter into timeshare contracts and purchase additional timeshare use rights. (*Id.* ¶¶ 8, 14.) Mr. Barreto is named as a co-defendant in this action, but has yet to appear.

On May 18, 2017, Mr. Barreto met with a Diamond Resorts salesperson to discuss a new purchase. (ECF No. 1-1 ¶ 3; ECF No. 1-2 ¶ 20.) Mr. Barreto asked the plaintiff to pay for the purchase with his credit card. (ECF No. 1-1 ¶ 3.) The plaintiff agreed and authorized Diamond Resorts to make a one-time charge to his credit card. (*Id.*) Mr. Barreto later repaid the plaintiff. (*Id.*)

In April of 2018, the plaintiff joined Mr. Barreto on a vacation in Orlando, Florida. (*Id.* ¶ 4.) The plaintiff accompanied Mr. Barreto to a meeting with a Diamond Resorts salesperson and advised him against purchasing any timeshare contracts or use rights. (*Id.*) After persistent pressure, Mr. Barreto accepted the salesperson's offer and asked the plaintiff again if he could cover the purchase price on his credit card. (*Id.*) Although the plaintiff did not intend to buy any

---

[1] For purposes of this motion, I accept as true the factual allegations in the original and amended complaints (ECF Nos. 1-1 and 1-2), and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). Courts ordinarily do not consider prior iterations of a complaint, but because the plaintiff proceeds *pro se*, I interpret both the original and amended complaints together as the operative complaint. *See Little v. City of New York*, No. 13-CV-3813, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("The plaintiff thus appears to believe that the Amended Complaint supplements, rather than replaces, the Original Complaint. Because the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading.") (citations omitted).

timeshare packages himself or cover Mr. Barreto's purchase, he was under the influence of alcohol and does "not recall much of what was the purchase or any details for the purchase were that day." (*Id.*)

On July 3, 2018, the plaintiff noticed that Diamond Resorts had charged $22,485.59 to his credit card. (*Id.* ¶ 6.) The plaintiff disputed the charge with his credit card company, but Diamond Resorts provided paperwork to the credit card company that the plaintiff had approved the transaction. (*Id.* ¶ 7.) The plaintiff claims that Diamond Resorts forged his signature on the relevant paperwork. (*Id.* ¶ 9.)

At some point, Mr. Barreto canceled the purchase, but the credit was not applied to the plaintiff's credit card. Instead, the funds were applied to Mr. Barreto's account for a different contract. (ECF No. 1-2 ¶¶ 21-22.) The defendants' alleged actions affected the plaintiff's credit score and caused him emotional distress. (*Id.* ¶¶ 27, 30-31.) According to the plaintiff, he had to quit school and find a second job to pay off the credit card debt from the payments to Diamond Resorts. (*Id.* ¶ 32.)

## STANDARD OF REVIEW

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon*, 699 F.3d at 227. However, an action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

3

The Court must hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, I read the plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

The plaintiff asserts various fraud-based claims. He alleges that the Diamond defendants' sales practices violate the Fair Credit Billing Act and the Truth in Lending Act. He also asserts a claim for intentional infliction of emotional distress under New York law. Because the plaintiff is proceeding *pro se*, I interpret his complaint as asserting a claim under Section 349 of the New York General Business Law as well. The Diamond defendants argue that the plaintiff does not have standing to challenge their sales practices in connection with the contract into which they entered with Mr. Barreto. (ECF No. 6-1.)

### I. Standing for Federal Claims

Article III, Section 2 of the United States Constitution limits federal jurisdiction to actual cases and controversies. As a result, a plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To satisfy the "'irreducible constitutional minimum' of Article III standing, a plaintiff must demonstrate (1) 'injury in fact,' (2) a 'causal connection' between that injury and the complained-of conduct, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Strubel v. Comenity Bank*, 842 F.3d 181, 187-88 (2d Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted).

In addition to these constitutional requirements, there are also three prudential limitations on standing: "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."[2] *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (citations and internal quotation marks omitted). "Although characterized as 'prudential,' these concerns relate to the elements of Article III standing." *Montesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016) (citing *Lexmark*, 572 U.S. at 127 n.3) (citation omitted).

The defendants argue that the plaintiff is asserting Mr. Barreto's rights rather than his own. That is correct with respect to the federal claims. Citing the FCBA and TLA, the plaintiff alleges that the defendants' sales practices harmed Mr. Barreto. (*See*, *e.g.*, ECF No. 1-2 ¶ 6 ("Defendant(s) and its contracted salespersons under duress, continue coercing Defendant 'Shareholder's' such as Mr. Vitor Menna Barreto to purchase unnecessary points at every visit to their office."); ¶ 14 ("In addition to the lack of neutrality that the Quality Assurance employee has, the Closing Documents that Defendant 'shareholder' Vitor Menna Barreto had to review are so voluminous and so complex, that it would have taken them hours and hours to read and understand.").) The plaintiff's federal claims therefore violate "the prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Warth*, 422 U.S. at 509. Accordingly, the federal claims are dismissed for lack of standing.

---

[2] In addition, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (citation omitted).

## II. State Law Claims

As the defendants recognize, the amended complaint asserts facts giving rise to the Court's diversity jurisdiction. (*See* ECF No. 6-1 at 2 n.3 (citing ECF No. 1-2 ¶¶ 33-34).)[3] Accordingly, the Court has subject matter jurisdiction over the remaining state law claims. Because the defendants do not move to dismiss these claims, they will proceed to discovery.[4]

## CONCLUSION

The defendants' motion to dismiss the federal claims is granted. The case may proceed with respect to the state law claims for intentional infliction of emotional distress and for violations of Section 349 of New York's General Business Law.

**SO ORDERED.**

                         s/Ann M. Donnelly

                         Ann M. Donnelly
                         United States District Judge

Dated: Brooklyn, New York
        June 1, 2020

---

[3] The plaintiff is a citizen of New York (ECF No. 1-2 ¶ 1) and the defendants are citizens of Delaware, Maryland, Florida, Arizona and California (ECF No. 2). In the amended complaint, the plaintiff alleges that the amount in controversy exceeds $75,000. (ECF No. 1-2 ¶ 33.) That is sufficient at this stage. *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'") (citation omitted).

[4] The plaintiff clearly has standing to challenge the Diamond defendants' actions in withholding his money.

6