**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ISRAEL MARCOLINO SCHAFFNER, an Individual,     :       Civil Action No. 19-cv-5298

            Plaintiff,                  :

                                   :

vs.                                 :

                                   :

DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; DIAMOND RESORTS INTERNATIONAL INC., a Delaware corporation; DIAMOND RESORTS U.S. COLLECTION, L.L.C., a Delaware limited liability company; DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a California corporation; DIAMOND RESORTS INTERNATIONAL CLUB, INC., a Florida corporation; DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation; DIAMOND RESORTS U.S. COLLECTION MEMBERS ASSOCIATION, a Delaware corporation; DIAMOND RESORTS DEVELOPER & SALES HOLDINGS COMPANY, a Delaware company; DIAMOND RESORTS FINANCIAL SERVICES, INC., a California corporation; and DOES 1 through 100, Inclusive, (collectively, "Apollo"); MICHAEL FLASKEY; KENNETH SIEGEL; VITOR MENNA BARRETO a Diamond Resorts International, Inc. Shareholder,

                     Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR RECONSIDERATION</u>**

Diamond Resorts Holdings, LLC, Diamond Resorts International, Inc., Diamond Resorts

U.S. Collection Development, LLC, Diamond Resorts International Marketing, Inc., Diamond

Resorts International Club, Inc., Diamond Resorts Management, Inc., Diamond Resorts Developer

& Sales Holdings Company; Diamond Resorts Financial Services, Inc., Michael Flaskey and

Kenneth Siegel (collectively, "Diamond")[2], by their undersigned counsel, hereby file this Memorandum of Law in support of their Motion For Reconsideration of this Court's Memorandum and Order on Diamond's Motion to Dismiss Plaintiff's Amended Complaint ("MTD Order") (ECF No. 9).

## I.   INTRODUCTION

In this action, Schaffner appears to challenge timeshare contracts to which he is not a party, and alleges Diamond made misrepresentations to someone else Schaffner decided to sue, current timeshare owner Vitor Menna Barreto ("Barreto"). After removing this action to federal court, Diamond filed a motion to dismiss Schaffner's Amended Complaint on the grounds that he lacked standing to bring the action (the "Motion to Dismiss") (ECF No. 6).

On June 1, 2020, this Court issued the MTD Order, dismissing Schaffner's federal causes of action against Diamond, but allowing Schaffner's state law claims to proceed because "[Diamond did] not move to dismiss these claims." See MTD Order Section II.

## II.   LEGAL ARGUMENT

Motions for reconsideration in the Eastern District of New York are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Village of Sea Cliff, No. CV 04–4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007). To prevail on a motion for reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. Richards v. N. Shore Long Island Jewish Health Sys., No. CV 10-4544 LDW ETB, 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013). Moreover, a party is not permitted to "advance new facts, issues or

---

[2] In the Amended Complaint, Schaffner names many Diamond entities. However, the entity that entered into the contracts that are at issue was Diamond Resorts U.S. Collection Development, LLC.

arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir.1991).

**A.      The Underlying Motion Requested That All of Schaffner's Claims Be Dismissed**

In the MTD Order, the Court Given the ambiguous language and format of Schaffner's Amended Complaint, this Court has overlooked Diamond's request for the Court to dismiss all of Schaffner's causes of action – both federal and state – in the issuance of the MTD Order. Schaffner's Amended Complaint does not present any clear causes of action, but rather, as indicated in Diamond's Motion to Dismiss, lobs a series of allegations similar to those in Schaffner's original Complaint while apparently adding in what may be considered causes of action under the Fair Credit Billing Act ("FCBA") and the Truth in Lending Act ("TILA"). See Motion to Dismiss, ¶ 2. Indeed, Diamond explicitly set forth its good faith interpretation of what it perceived to be the entirety of Schaffner's causes of action, where Diamond stated that Schaffner "appears to assert claims for misrepresentation, fraud and elder abuse based on the contracts entered into by a third party." See id. at Section III(A).

Diamond's motion to dismiss argued that not just the federal claims, but all of the potential claims in the Amended Complaint should be dismissed for lack of standing.  Indeed, the motion clearly stated that the Amended Complaint "failed to state a claim for which [Plaintiff] is entitled to relief," see id. at Section III, and further, requested "that the Amended Complaint be dismissed with prejudice and without leave to further amend" in its entirety. Id. at Section IV. Diamond did not intend to limit its Motion to only Plaintiffs' federal claims.  Rather, Diamond sought dismissal of all of the claims it could discern in the convoluted complaint.  Diamond contended that Plaintiff lacked standing to bring any claim based on the contract between co-defendant Barreto and Plaintiff.  On Diamond's reading of the Amended Complaint, that fundamental defect covered all

of the claims that the Amended Complaint could be read to assert—regardless of whether those claims were based on state or federal law.  See id. at p. 4.

Thus, given the ambiguity of the Amended Complaint and Diamond's language requesting relief as to all of Schaffner's causes of action against Diamond, this Court should dismiss the entirety of Schaffner's claims against Diamond, which includes those arising under state law.

### B.  In the Alternative, Diamond Requests The Opportunity to Submit Supplemental Briefing Regarding Dismissal of the State Law Claims

In the alternative, if this Court does not dismiss the entirety of Schaffner's Amended Complaint, Diamond respectfully requests the opportunity to submit supplemental briefing regarding the dismissal of the state law claims that the Court discerned from the Amended Complaint, but which were not directly addressed in Diamond's prior Motion.  Given the lack of clarity in the Amended Complaint, and the fact that it does not explicitly state *any* causes of action, Diamond gamely attempted to tease out what claims it thought Plaintiff was asserting, including "misrepresentations, fraud and elder abuse," and address those in its Motion to Dismiss.  See Motion to Dismiss, Section III(A).  As evident from the MTD Opinion, however, the Court construed the Amended Complaint to also assert claims for intentional infliction of emotional distress and a violation of N.Y. GBL § 349.

Diamond respectfully submits that there are good reasons why Plaintiff has failed to state a claim under either of those theories, and that the interests of justice will be served by affording Diamond an opportunity to brief those issues.  Particularly in this case, where Plaintiff has missed several deadlines and it is unclear whether Plaintiff intends to participate further in the litigation, Diamond should not be subjected to the time and expense of discovery solely because of differing interpretations of what claims may be discerned from a pro se complaint.

### III.    CONCLUSION

For the reasons set forth above, Diamond respectfully requests that the entirety of the Amended Complaint – including both federal and state claims - be dismissed with prejudice and without leave to further amend.  In the alternative, if this Court does not dismiss the entirety of the Amended Complaint, Diamond requests that it be given the opportunity to submit a short supplemental brief addressing Plaintiff's state law claims.


Dated: June 15, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By:      _s/ Joseph Slaughter_
Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com

*Attorneys for Diamond*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 12, 2020 true and correct copies of the NOTICE OF

MOTION FOR RECONSIDERATION, MEMORANDUM OF LAW IN SUPPORT OF

MOTION FOR RECONSIDERATION, and PROPOSED ORDER were delivered via regular

U.S. mail, postage prepaid, upon the following:

> Israel Marcolino Schaffner
> 15-79 216th Street, Apt. 1R
> Bayside, New York 11360
> *Plaintiff appearing pro se*

*/s/ Joseph Slaughter*