**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ISRAEL MARCOLINO SCHAFFNER, an Individual,   :      Civil Action No. 19-cv-5298

           Plaintiff,            :

                                      :

vs.                                    :

                                      :

DIAMOND RESORTS HOLDINGS, LLC,  a Nevada
limited liability company; DIAMOND RESORTS
INTERNATIONAL INC., a Delaware corporation;
DIAMOND RESORTS U.S. COLLECTION, L.L.C.,
a Delaware limited liability company; DIAMOND
RESORTS INTERNATIONAL MARKETING, INC.,
a California corporation; DIAMOND RESORTS
INTERNATIONAL CLUB, INC., a Florida
corporation; DIAMOND RESORTS
MANAGEMENT, INC., an Arizona corporation;
DIAMOND RESORTS U.S. COLLECTION
MEMBERS ASSOCIATION, a Delaware corporation;
DIAMOND RESORTS DEVELOPER & SALES
HOLDINGS COMPANY, a Delaware company;
DIAMOND RESORTS FINANCIAL SERVICES,
INC., a California corporation; and DOES 1 through
100, Inclusive, (collectively, "Apollo"); MICHAEL
FLASKEY; KENNETH SIEGEL; VITOR MENNA
BARRETO a Diamond Resorts International, Inc.
Shareholder,

                    Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Diamond Resorts Holdings, LLC, Diamond Resorts International, Inc., Diamond Resorts

U.S. Collection Development, LLC, Diamond Resorts International Marketing, Inc., Diamond

Resorts International Club, Inc., Diamond Resorts Management, Inc., Diamond Resorts Developer

& Sales Holdings Company; Diamond Resorts Financial Services, Inc., Michael Flaskey and

Kenneth Siegel (collectively, "Diamond")[1], by their undersigned counsel, answers Plaintiff's Amended Complaint (the "Amended Complaint") as follows:

1.      Diamond currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1 and therefore, denies them.

2.      Diamond does not challenge that their principal place of business is located at 10600 W. Charleston Blvd., Las Vegas, NV 89135, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 2 and therefore, denies them.

## I.    INTRODUCTION

3.      Diamond denies the allegations contained in paragraph 3 of the Amended Complaint.

4.      The allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Diamond denies paragraph 4 of the Amended Complaint.

5.      Diamond denies the allegations contained in paragraph 5 of the Amended Complaint.

6.      Diamond denies the allegations contained in paragraph 6 of the Amended Complaint.

7.      Diamond denies the allegations contained in paragraph 7 of the Amended Complaint.

8.      Diamond denies the allegations contained in paragraph 8 of the Amended

---

[1] In the Amended Complaint, Schaffner names many Diamond entities. However, the entity that entered into the contracts that are at issue was Diamond Resorts U.S. Collection Development, LLC.

Complaint.

9.      Diamond denies the allegations contained in paragraph 9 of the Amended Complaint.

10.     Diamond denies the allegations contained in paragraph 10 of the Amended Complaint.

11.     Diamond denies the allegations contained in paragraph 11 of the Amended Complaint.

12.     Diamond denies the allegations contained in paragraph 12 of the Amended Complaint.

13.     Paragraph 13 is unintelligible, and therefore, a response is rendered impossible. To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

14.     Diamond denies the allegations contained in paragraph 14 of the Amended Complaint.

15.     Diamond currently lacks knowledge or information sufficient to form a belief about the truth of the allegations, specifically as to the allegation that English "is not the native language of Defendant 'shareholder' Vitor Menna [Barreto]" set forth in paragraph 15 and therefore, denies them. Diamond denies the remaining allegations contained in paragraph 15 of the Amended Complaint.

16.     Diamond denies the allegations contained in paragraph 16 of the Amended Complaint.

## II. OVERVIEW OF DEFENDANT(S) BUSINESS MODEL

17.     Diamond denies the allegations contained in paragraph 17 of the Amended

Complaint.

18.     The allegations in paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Diamond denies paragraph 18 of the Amended Complaint.

a)     Diamond denies the allegations contained in paragraph 18(a) of the Amended Complaint.

b)     Diamond denies the allegations contained in paragraph 18(b) of the Amended Complaint.

c)     Diamond denies the allegations contained in paragraph 18(c) of the Amended Complaint.

d)     Diamond denies the allegations contained in paragraph 18(d) of the Amended Complaint.

e)     Diamond denies the allegations contained in paragraph 18(e) of the Amended Complaint.

f)     Diamond denies the allegations contained in paragraph 18(f) of the Amended Complaint.

g)     Diamond denies the allegations contained in paragraph 18(g) of the Amended Complaint.

h)     Diamond denies the allegations contained in paragraph 18(h) of the Amended Complaint.

i)     Diamond denies the allegations contained in paragraph 18(i) of the Amended Complaint.

j)     Diamond denies the allegations contained in paragraph 18(j) of the

Amended Complaint.

k)     The allegations in paragraph 18(k) constitute legal conclusions to which no response is required.  To the extent a response is required, Diamond denies paragraph 18(k) of the Amended Complaint.

### III. RELEVANT CASES

a)     Paragraph III(a) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

b)     Paragraph III(b) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

c)     Paragraph III(c) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

d)     Paragraph III(d) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

e)     Paragraph III(e) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

f)     Paragraph III(f) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

g)      Paragraph III(f) contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

## IV. FACTUAL BACKGROUND

19.     Diamond admits that Plaintiff never entered into any contract with Diamond but denies the remaining allegations in paragraph 19.

20.     Diamond does currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 20 and therefore, denies them.

21.     Diamond lacks knowledge or information to form a belief about the truth of the allegations set forth in paragraph 21 and therefore, denies them.

22.     Diamond lacks knowledge or information to form a belief about the truth of the allegations set forth in paragraph 22 and therefore, denies them.

23.     Diamond lacks knowledge or information to form a belief about the truth of the allegations set forth in paragraph 23 and therefore, denies them.

24.     Diamond denies the allegations contained in paragraph 24 of the Amended Complaint.

25.     Diamond denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Diamond denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Diamond currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 and therefore, denies them.

28.     Paragraph 28 contains no affirmative allegations against Diamond.  To the extent

said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

29.     Diamond denies the allegations contained in paragraph 29 of the Amended Complaint.

30.     The allegations in paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, Diamond denies paragraph 30 of the Amended Complaint.

31.     The allegations in paragraph 31 constitute legal conclusions to which no response is required.  To the extent a response is required, Diamond denies paragraph 31 of the Amended Complaint.

32.     Diamond currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 32 and therefore, denies them.

## V. JURISDICTION AND VENUE

33.     Diamond does not challenge that venue is appropriate in this Court, the United Stated District Court for the Eastern District of New York.

34.     Paragraph 34 contains no affirmative allegations against Diamond.  To the extent said paragraph is deemed to contain any affirmative allegations against Diamond, Diamond denies them.

35.     Diamond does not challenge that venue is appropriate in this Court, the United Stated District Court for the Eastern District of New York, but denies the remaining allegations in paragraph 35.

## PRAYER FOR RELIEF

Answering the Prayer for Relief and each paragraph therein, Diamond denies the

allegations and any implication that Plaintiff's allegations have merit and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Diamond, as separate and distinct affirmative defenses to the Amended Complaint and all the claims alleged therein, alleges as follows on information and belief:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Diamond.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff has suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any act or omission of Diamond and therefore, lacks standing to assert any cause of action.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Diamond had no control over, or responsibility for, the actions or inactions of co-defendant Vitor Menna Barreto.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, due to the crimes, actions, failure to act, negligence, fraud, and/or legal fault of co-defendant Vitor Menna Barreto.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff purportedly suffered any damage as a result of the matters alleged in the Amended Complaint, Plaintiff failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, on the grounds that Plaintiff may obtain no relief under the Amended Complaint by reason of the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought; thus, the damages, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff ratified the acts, omissions, representations, and course of conduct of Diamond.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has at all times consented to the acts, omissions, representations, and course of conduct of Diamond.

## TWELFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of laches because Plaintiff knew of the purported acts or omissions and were fully aware of their rights against Diamond (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Diamond.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately or legally caused by any of the actions of Diamond.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff and any person Plaintiff purports to represent consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Diamond at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Claimant against Respondent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Diamond expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint is barred, in whole or in part, because Plaintiff is attempting to assert the rights of third parties.

WHEREFORE, Diamond requests the following relief:

1. That Plaintiff's Amended Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Diamond;

3. That the Court award Diamond its fees, expenses, and costs to the full extent permitted by law; and

4. That the Court award such other relief as is just and proper under the circumstances.

Dated: June 15, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By:    *s/ Joseph Slaughter*
Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com

*Attorney for Diamond*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020, true and correct copies of the DEFENDANTS'

ANSWER AND AFFIRMATIVE DEFENSES were delivered via regular U.S. mail, postage

prepaid, upon the following:

Israel Marcolino Schaffner
15-79 216th Street, Apt. 1R
Bayside, New York 11360
*Plaintiff appearing pro se*


*/s/ Joseph Slaughter*