UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ISRAEL MARCOLINO SCHAFFNER, an Individual,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; DIAMOND RESORTS INTERNATIONAL INC., a Delaware corporation; DIAMOND RESORTS U.S. COLLECTION, L.L.C., a Delaware limited liability company; DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a California corporation; DIAMOND RESORTS INTERNATIONAL CLUB, INC., a Florida corporation; DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation; DIAMOND RESORTS U.S. COLLECTION MEMBERS ASSOCIATION, a Delaware corporation; DIAMOND RESORTS DEVELOPER & SALES HOLDINGS COMPANY, a Delaware company; DIAMOND RESORTS FINANCIAL SERVICES, INC., a California corporation; and DOES 1 through 100, Inclusive, (collectively, "Apollo"); MICHAEL FLASKEY; KENNETH SIEGEL; VITOR MENNA BARRETO a Diamond Resorts International, Inc. Shareholder,<br><br>　　　　　　　　　Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 19-cv-005298 |

---

## PARTIES' RULE 26(f) JOINT PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Israel Schaffner and Defendants Diamond Resorts Holdings, LLC, Diamond Resorts International, Inc., Diamond Resorts U.S. Collection Development, LLC, Diamond Resorts International Marketing, Inc., Diamond Resorts International Club, Inc., Diamond Resorts Management, Inc., Diamond Resorts Developer & Sales Holdings Company; Diamond Resorts Financial Services, Inc., Michael Flaskey and Kenneth Siegel (collectively, "Diamond")[1], hereby jointly submit the following Proposed Discovery Plan.

---

[1] In the Amended Complaint, Schaffner names many Diamond entities. However, the entity that entered into the contracts that are at issue was Diamond Resorts U.S. Collection Development, LLC. Diamond does not waive any arguments made in its motion for reconsideration nor any arguments it may make in a motion for judgment on the pleadings.

I.     **RULE 26(f) CONFERENCE**

Due to the current global pandemic and further, because Plaintiff is representing himself in this litigation, the Parties exchanged emails with a draft of the discovery plan between June 16 and June 24.  The Parties also conducted a telephone conference on June 17, 2020. While the parties are submitting this discovery plan jointly, the plan specifically notes where the parties still have areas of disagreement.

II.    **INITIAL DISCLOSURES [Rule 26(f)(3)(A)]**

The parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a), and that such disclosures should be made no later than fourteen (14) days after the Court's entry of this discovery plan and scheduling order.

III.   **DISCOVERY PLAN [Rule 26(f)(3)(B)]**

Both parties agree that discovery is expected to take approximately 180 days from June 15, 2020, the date Diamond filed it Answer to Plaintiff's Amended Complaint.

**Plaintiff's Position**

Discovery should not be limited to Plaintiff's remaining claims.

**Diamond's Position**

Discovery should be limited to Plaintiff's claims which still remain and Diamond's affirmative defenses to those remaining claims.

IV.    **DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION [Rule 26(f)(3)(C)]**

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

2

The Parties agree that the production of such information should be governed by the applicable provisions of the Federal Rules of Civil Procedure.

## V.     CLAIMS OF PRIVILEGE OR PROTECTION [Rule 26(f)(3)(D)]

Both parties agree that, In the event privileged or protected information is produced in discovery, the Parties reserve all rights and remedies available to them to address such privileged or protected information, except as exempted by in Rule 26(b)(5)(B), or as otherwise stipulated or ordered by this court.

### Plaintiff's Position

No protective order is necessary.

### Diamond's Position

Due to the sensitive financial information that may be disclosed, Diamond anticipates that a protective order to protect certain confidential information may be needed.

## VI.    LIMITATIONS ON DISCOVERY [Rule 26(f)(3)(E)]

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

### OTHER ORDERS [Rule 26(f)(3)(F)]

In accordance with Federal Rule 26(f)(3)(F), the parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

### Plaintiffs' Position

Plaintiffs intend to notice the deposition of Defendant by way of his person most knowledgeable in order the test the allegations in Defendant's Answer and those made in support

3

of Defendant's Opposition to Motion for Preliminary Injunction. Plaintiffs also seek to secure evidence relevant to the claims and defenses asserted in this action, including evidence concerning the scope and impact of Defendant's actions, implementing and enforcing.

### Diamond's Position

Diamond requests an order requiring all depositions to be noticed at least thirty (30) days prior to the date of the deposition.

Dated: June 24, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By: *s/ Joseph Slaughter*
Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com

*Attorneys for Diamond*

/s/ *Israel Schaffner*
Israel Marcolino Schaffner
21407 Water Edge Drive
Apartment 1
Bayside, NY 11360

*Plaintiff appearing pro se*