# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ISRAEL MARCOLINO CHAFFNER,

                           Plaintiff,

  – against –

DIAMOND RESORTS HOLDINGS, LLC,
VITOR MENNA BARRETO, et al.,

                          Defendants,

---------------------------------------------------------------X

**19-CV-5298 (AMD) (RML)**

**NOTICE OF MOTION**
**FOR DEFAULT JUDGMENT**

    I, Israel M. Schaffner, Plaintiff, the United States of America, move this Court for entry of a default judgment as to remaining defendant(s) DIAMOND RESORTS HOLDINGS, LLC, and VITOR MENNA BARRETO, et al., upon the complaint heretofore in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following.

## BACKGROUND AND FACTS

    **1.** Diamond Resorts is a timeshare company that markets and sells timeshare memberships (ECF No. 1-2 at ¶ 3.) Plaintiff, not only claims, but, has knowledge of the company dealings by coercing vulnerable, unsophisticated citizens into entering into timeshare contracts through carefully designed sales tactics, without care or without fully informing their current and prospective client(s) what they are purchasing; in most cases client(s) and prospective client(s) and even current member's friends and family are constantly invited to attend it's "Dinner Meetings". (*See: Jocson v. Diamond Resorts International Club, Inc. et al.*)

    **2.** In Plaintiff's Complaint, Diamond Resorts did use these sales tactics and did coerce Co-defendant Mr. Vitor Menna Barreto, a person with limited English comprehension, to enter into an unnecessary additional timeshare contract under duress. (Id. At ¶¶ 8, 14.)[2]



**3.** Honorable ANN M. DONNELLY OF THE United States District Judge did reviewed the entire record in connection with the motion, and construed the facts in light most favorable to Plaintiff. (*See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2nd Cir. 2005)).

**4.** On May 18, 2017, co-defendant Mr. Barreto went to a meeting at a Diamond Resorts Location after being invited to participate in a meeting, the Diamond Resorts Salesperson and Mr. Barreto decided to upgrade for some type of travel package deal, Mr. Barreto called the Plaintiff, which at that time was staying at the same hotel where Co-defendant was staying, and was asked by Co-defendant if he could use Plaintiff's credit cards for a package deal Co-defendant, Mr. Barreto and the Diamond's Salesperson had entered into; Plaintiff then went to the office where the meeting was being held, met with the Co-defendant and a Diamond Resorts (DRI) salesperson, provided his credit cards in order for the transaction be completed; Co-defendant did pay the Plaintiff for this particular purchase of May 18, 2017; Although Plaintiff provided his credit cards information, Plaintiff did not authorize Diamond Resorts to save any of his credit card information on their system and was later charged repeatedly by Diamond Resorts towards Co-defendant account for maintenance fees and other fees not known to Plaintiff.

**5.** Plaintiff after viewing his credit cards statements, contacted both the Defendant and Co-defendant to find out why there were charges for over $15,000.00 made by Diamond Resorts; when Plaintiff contacted the Defendant's, the response given, was that there was a billing error and that the funds would return to Plaintiff's credit cards within 72 hours; because it was taking a long time for the billing error to be resolved and Plaintiff to avoid interest charges, Plaintiff contacted his banks letting them know that the charges were made as billing errors in part of Diamond Resorts (DRI), the credit card companies issued "**temporary**" credit for the charges.

**6.** On September 7, 2018, while Plaintiff was in New York State, Plaintiff was contacted by co-defendant and the salesperson to request copies of credit cards in several email communications with the salesperson for Diamond Resorts in order for the purchase to be completed. In addition, the salesperson pressured both the co-defendant and Plaintiff to submit multiple credit cards as fast as possible, because co-defendant had a flight to catch and felt as if he would miss this flight unless the transactions were completed;

2

and as Plaintiff personally participated in such type of meeting, it was clear and understood by Plaintiff, that, co-defendant was being in distress and under duress.

**7.** After all occurrences, after endless attempts by the Plaintiff to resolve the unauthorized charges on his credit and debit cards previously provided to Defendant's Diamond Resorts (DRI)' on August 28, 2019, Plaintiff filed a complaint with the Supreme Court of New York, County of Queens against Defendant's, Diamond Resorts (DRI); for violation of the Fair Credit Billing Act and the Truth in Lending Act. (EFC No. 1-2.); because, the defendant Diamond Resorts (DRI), without permission or authorization by the Plaintiff.

**8.** Defendant Diamond Resorts (DRI) did, in fact charged, in multiple occasions, Plaintiff's credit and debit cards without prior consent or authorization and with complete disregard, charging Plaintiff for co-defendant fees that were never Plaintiff's responsibilities and Plaintiff never entered into any contract of any kind with Diamond Resorts (DRI), Plaintiff is a third party. In addition Defendants Diamond Resorts (DRI) submitted copies of the contract (1797943) made on September 7, 2018, showing signatures and similar authorization of usage of funds to Plaintiff's banking institutions, making all charges seem to be the same and eventually all charges were posted back to Plaintiff's credit card accounts and this court disregarded "Rule 52. Findings and conclusions by the court; amended findings; waiver of findings and conclusions; correction of the record; judgment on partial findings;" "Rule 60 - Relief from Judgment or Order and "Rule 54. Judgment; Costs"; granting the Defendant's Diamond Resorts (DRI) Motion for Summary Judgement on all of the Plaintiff's claims.

**9.** On September 17, 2019, Defendants removed the action to the Eastern District Court of New York. (EFC No. 1). The Defendant's moved to dismiss Plaintiff's claims before reviewing all the facts, claiming lack of standing; this Court dismissed Plaintiff's argument.

---

[1] **Clarification**: Plaintiff did not accompanied co-defendant Mr. Barreto to any meeting with Diamond Resorts salespersons. Plaintiff had no interest in attending any so called "Presentation Meetings" even when offered gift cards. Plaintiff was only contacted over the phone to come to an office where after the "Presentation Meeting" was over. Plaintiff only went to the office as a favor and used his credit and debit cards for the purpose of a purchase of some sort that needed additional funds that co-defendants did not have in order for the transaction between both Defendant's.

[2] **Clarification:** At the time of Defendants joint venture into entering into a new contract or purchase of timeshare ownership, Plaintiff was in the State of New York and only communicated with Defendant's via electronic and phone correspondence.

[3] **Correction:** On the Memorandum and Order, the name of co-defendant is to read: **VITOR MENNA BARRETO**.

## CONCLUSION

**10.** On June 24, 2021, Honorable ANN M. DONNELLY OF THE United States District Judge, concluded and granted Diamond defendants' Motion for Summary Judgement on all of the Plaintiff's claims and instructed Plaintiff to move for default judgement against the remaining defendant within 30 days.

**11.** Defendant has failed to plead or otherwise defend this action, and the United States is entitled to judgment by default against defendant.

**12.** Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the defendant for relief sought by plaintiff in its complaint, and written notice of this action has been given to defendant(s) as set forth in the attached affidavit.

## PRAYER

**WHEREFORE,** plaintiff prays that this Court enter a judgment of that default judgment be entered against remaining defendant(s) and that Plaintiffs be awarded a total of ($47,000.00) for violation of The Fair Credit Billing Act, 15 U.S.C. § 1666 et seq. § 1026.13 Billing error resolution.

## CERTIFICATE OF SERVICE

I, Israel M. Schaffner, hereby certify that on July 19, 2021 true and correct copies of the NOTICE OF MOTION FOR DEFAULT JUDGMENT was delivered via regular U.S. mail, postage prepaid, upon the following:

/s/ Israel M. Schaffner

**Joseph Slaughter**
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com

**Emit Kim**
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
Email: kime@ballardspahr.com

# AFFIDAVIT

I, Israel M. Schaffner, do hereby certify that the statements and allegations set forth in the foregoing Motion and the accompanying Memorandum are true and accurate to the best of my knowledge and belief.

Dated: July 19, 2021



Respectfully submitted,

By: /s/ ISRAEL M. SCHAFFNER .

ISRAEL M. SCHAFFNER
4206A BELL BLVD, STE. 104
Bayside, NY 11361
Phone: 917-530-0159
Email: israelschaffner@live.com
*Pro Se Plaintiff*

5